PETERSON, Judge.
Glenn Aaron Singletary was found guilty by a jury of introducing contraband into a state correctional institution, a third degree felony. The trial court withheld adjudication and imposed five years probation. Although the state requested jail time of 180 days as a special condition of probation, the trial court imposed jail time of 45 days, the time Single-tary served prior to sentencing.
During the sentencing hearing, the state requested “costs of prosecution” in the amount of $600 payable to the state attorney’s office. No explanation or details for the charges were offered by the state. The trial court ordered Singletary to pay $500 to the state attorney’s office for costs of prose- ' cution.
The state makes the same argument in the instant ease that it made in Hollingsworth v. State, 622 So.2d 129 (Fla. 5th DCA 1993), that it is apparent that the court was assessing a “cost of prosecution” under section 939.01, Florida Statutes, rather than an unauthorized attorney’s fee. We follow the same path as this court took in Hollings-worth and remand the issue of the disputed cost to the trial judge for resolution of the conflict.
The sentence is affirmed in all respects except the imposition of the $500 costs of prosecution payable to the state attorney. We vacate that award and remand to the trial court for resolution of that issue.
SENTENCE AFFIRMED except as to the cost which is REMANDED for further consideration.
DIAMANTES and THOMPSON, JJ., concur.